# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

UNITED STATES OF AMERICA,

           **Plaintiff,**

           v.                        **CASE NO.** 21-40038-TC

CLIFFORD TOWNSEND,

           **Defendant.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

At all times relevant to this Indictment:

### <u>Introduction</u>

1.      The defendant, Clifford Townsend, was a resident of Manhattan, Kansas, and the registered agent and President/Chief Executive Officer for Global Network Corporation.  Global Network Corporation was registered with the State of Kansas in November 1994 and was forfeited in July 1996.

2.      Global Network Corp was formed in the State of Kansas in May 2019 and forfeited in October 2020.  The defendant was identified as the director.

3.      NBKC was a federally insured financial institution as defined in 18 U.S.C. § 20, based in Overland Park, Kansas.  In November 2019, the defendant opened a business account ending in 5478 at NBKC in the name of Global Network Corp.

4.      The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses.  The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

5.      As part of this effort, the SBA enabled and provided for loans through lenders such as federally insured financial institutions including banks and credit unions, and other lenders.  These loans have government-backed guarantees.

6.      Bank A was a federally insured financial institution as defined in 18 U.S.C. § 20, based in Wichita, Kansas.  Bank A was a lender participating in the PPP program.

7.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in March 2020, and, among other things, was designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through the Paycheck Protection Program ("PPP").

8.      To obtain a PPP loan, a qualifying business was required to submit a PPP loan application (SBA Form 2483) signed by an authorized representative of the business to a lender participating in the PPP.  The PPP loan application required the business,

through its authorized representative, to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan.   On such affirmative certification required the business to confirm that it was in operation on February 15, 2020.

9.     Also, as part of the PPP loan application, the qualified business was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

10.     The qualified business submitted its PPP loan application using wire transfers such as email and the internet.  A participating lender received and processed the PPP loan application.  When a PPP loan application was approved, the participating lender funded the PPP loan using the lender's own funds, which were guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

11.     The qualified business was required to use the PPP loan proceeds for certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities.

12.     On May 16, 2020, the defendant Clifford Townsend submitted a PPP loan application via email on behalf of Global Network Corporation to Bank A.  At the request of Bank A, the defendant submitted an amended PPP loan application via email on behalf of Global Network Corporation on May 18, 2020.  According to the amended application, the defendant identified himself as CEO and 100% owner of Global Network Corporation

and claimed that the business had 15 employees.  The defendant also directed that the PPP loan proceeds be deposited into Global Network Corp's NBKC bank account.

13.     On May 26, 2020, Bank A electronically deposited $127,100 in PPP loan proceeds into Global Network Corp's NBKC bank account.

14.     SAG Topeka, dba BMW/VW of Topeka, was a financial institution as defined in 31 U.S.C. § 5312.

15.     TD Ameritrade was a financial institution as defined in 31 U.S.C. § 5312.

**The Scheme**

16.     Beginning in or about May 2020, and continuing until in or around November 2020, the defendant Clifford Townsend devised a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses representations, and promises, with the intent to defraud by filing false and fraudulent applications for PPP funds.  As part of the scheme, the defendant submitted via wire transmissions PPP loan applications to Bank A.

17.     It was part of the scheme that:

a.      the defendant submitted a false and misleading PPP loan application via email to Bank A representing that Global Network Corporation had been in business on February 15, 2020, but in fact the IRS did not assign Global Network Corporation an EIN until February 20, 2020;

b.      the defendant represented on the PPP loan application that Global Network Corporation had 15 employees for whom he withheld payroll taxes, when in fact Global Network Corporation had no salaried employees;

c.      the defendant represented on the PPP loan application that Global Network Corporation had an average monthly payroll of $50,857, when in fact Global Network Corporation had no monthly payroll;

d.      the defendant submitted false and misleading supporting documentation with the PPP loan application, including:  monthly payroll reports, Forms 940 and Form 941; and

e.      as a result of the false and misleading PPP loan application, Bank A funded the defendant's PPP loan and deposited $127,100 into the defendant's NBKC Bank.

## COUNT 1

**BANK FRAUD**
**[18 U.S.C. § 1344]**

18.      Paragraphs 1 through 17 are incorporated herein by reference as though fully restated.

19.      On or about May 16, 2020, in the District of Kansas, the defendant,

**CLIFFORD TOWNSEND,**

knowingly executed and attempted to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of Bank A, a federally insured financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

In violation of Title 18, United States Code, Section 1344(2).

## COUNT 2

**BANK FRAUD**
**[18 U.S.C. § 1344]**

20.     Paragraphs 1 through 19 are incorporated herein by reference as though fully restated.

21.     On or about May 18, 2020, in the District of Kansas, the defendant,

**CLIFFORD TOWNSEND,**

knowingly executed and attempted to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of Bank A, a federally insured financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

In violation of Title 18, United States Code, Section 1344(2).

## COUNT 3

**FALSE STATEMENT TO A FEDERALLY INSURED BANK**
**[18 U.S.C. § 1014]**

22.     Paragraphs 1 through 21 are incorporated herein by reference as though fully restated.

23.     On or about May 16, 2020, in the District of Kansas, the defendant,

**CLIFFORD TOWNSEND,**

knowingly made a false statement for the purpose of influencing the action of Bank A, an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with Global Network Corporation's PPP loan application, by falsely claiming employees and payroll, and including false monthly payroll reports and payroll tax forms.

In violation of Title 18, United States Code, Section 1014.

## COUNT 4

**FALSE STATEMENT TO A FEDERALLY INSURED BANK**
**[18 U.S.C. § 1014]**

24.     Paragraphs 1 through 23 are incorporated herein by reference as though fully

restated.

25.     On or about May 18, 2020, in the District of Kansas, the defendant,

**CLIFFORD TOWNSEND,**

knowingly made a false statement for the purpose of influencing the action of Bank A, an

institution the accounts of which were insured by the Federal Deposit Insurance

Corporation, in connection with Global Network Corporation's PPP loan application, by

falsely claiming employees and payroll, and including false monthly payroll reports and

payroll tax forms.

In violation of Title 18, United States Code, Section 1014.

## COUNT 5

**MONEY LAUNDERING**
**[18 U.S.C. § 1957]**

26.     Paragraphs 1 through 25 are incorporated herein by reference as though fully

restated.

27.     On or about May 27, 2020, in the District of Kansas, the defendant,

**CLIFFORD TOWNSEND,**

knowingly engaged in a monetary transaction by, through and to a financial institution,

affecting interstate and foreign commerce in criminally derived property of a value

greater than $10,000, namely the wire transfer of $27,013.53 from NBKC to SAG

Topeka, dba BMW/VW of Topeka, for the purchase of a 2017 BMW 430XI, such funds being derived from the specified unlawful activity of wire fraud and bank fraud, in violation of Title 18, United States Code, Sections 1343 and 1344.

In violation of Title 18, United States Code, Section 1957.

## COUNT 6

**MONEY LAUNDERING**
**[18 U.S.C. § 1957]**

28.     Paragraphs 1 through 27 are incorporated herein by reference as though fully restated.

29.     On or about May 27, 2020, in the District of Kansas, the defendant,

**CLIFFORD TOWNSEND,**

knowingly engaged in a monetary transaction by, through and to a financial institution, affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, namely the wire transfer of $80,000.00 from NBKC to TD Ameritrade, for the purpose of funding a brokerage account in the name of Global Network Corp, such funds being derived from the specified unlawful activity of wire fraud and bank fraud, in violation of Title 18, United States Code, Sections 1343 and 1344.

In violation of Title 18, United States Code, Section 1957.

## FORFEITURE NOTICE

30.     The allegations contained in Counts 1 – 6 of this Indictment are hereby

realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

**Bank Fraud and False Statement on Bank Loan Applications violations:**

31.     Upon conviction of one or more of the offenses set forth in Counts 1 - 4 of this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.  The property to be forfeited includes, but is not limited to, the following:

A.  Money Judgment –

A forfeiture money judgment against the defendant in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of Counts 1 - 4;

B.     Currency and Bank Funds:

1.     $24.53 seized on November 18, 2020, from NBKC account ending in 5478;

2.     $1,272.53 seized on November 18, 2020, from TD Ameritrade account ending in 5673.

**Money Laundering violations:**

32.     Upon conviction of one or more of the offenses set forth in Counts 5 - 6, the defendant shall  forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such

offense[s], or any property traceable to such property, including but not limited to, the following:

    A.    Money Judgment –

    A forfeiture money judgment against the defendant in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of Counts 5 - 6;

    B.    Currency and Bank Funds:

    1.    $24.53 seized on November 18, 2020, from NBKC account ending in 5478;

    2.    $1,272.53 seized on November 18, 2020, from TD Ameritrade account ending in 5673.

33.    If any of the property described above, as a result of any act or omission of the defendant:

    A.    cannot be located upon the exercise of due diligence;

    B.    has been transferred or sold to, or deposited with, a third party;

    C.    has been placed beyond the jurisdiction of the court;

    D.    has been substantially diminished in value; or

    E.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

April 28, 2021                    s/Foreperson
DATE                             FOREPERSON OF THE GRAND JURY


DUSTON J. SLINKARD
ACTING UNITED STATES ATTORNEY

By: /s/ Christine E. Kenney
CHRISTINE E. KENNEY
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas  66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: christine.kenney@usdoj.gov
Ks. S. Ct. No. 13542]


IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

## PENALTIES

### Counts 1 & 2 [Bank Fraud]

- Punishable by a term of imprisonment of not more than thirty (30) years.  18 U.S.C. § 1344.

- A term of supervised release of at not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $1,000,000.  18 U.S.C. § 3571(b)(3).

### Counts 3 & 4 [False Statements on Bank Loan Applications]

- Punishable by a term of imprisonment of not more than thirty (30) years.  18 U.S.C. § 1014.

- A term of supervised release of at not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $1,000,000.  18 U.S.C. § 3571(b)(3).

### Counts 5 & 6 [Money Laundering]

- Punishable by a term of imprisonment of not more than twenty (20) years.  18 U.S.C. § 1957.

- A term of supervised release of at not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

**ALL COUNTS:**

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Restitution and Forfeiture.